UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER WISE                                                                    PETITIONER

V.                                                    CIVIL ACTION NO. 3:20-CV-346-DPJ-LGI

WARDEN SCOTT MIDDLEBROOKS                                              RESPONDENT

ORDER

This habeas petition is before the Court on the Report and Recommendation of United States Magistrate Judge LaKeysha Greer Isaac.  R&R [9].  Judge Isaac recommends denying Plaintiff Christopher Wise's petition for habeas relief.  The Court adopts the R&R except as modified below.  Wise's habeas petition is dismissed.

I.       Facts and Procedural History

Wise was convicted of manslaughter in 2017; his conviction was affirmed on direct appeal.  After that, Wise applied for post-conviction review, but the Mississippi Supreme Court denied his application as "procedurally barred and without merit."  State-Ct. Order [6-2] at 1. Wise then arrived here, filing a petition based on the same ten grounds for relief he presented in state court.  R&R [9] at 4.  After considering each, the magistrate judge found them lacking and recommended dismissal.  *Id.* at 29.  Wise filed no objection, but the State did.  Obj. [10].  While it agreed the petition must be dismissed, the State suggested that Ground One—addressing the sufficiency of the indictment—was not procedurally barred as the magistrate judge concluded. The State asks the Court to rely instead on the alternative finding in the R&R that Ground One is meritless.  *Id.* at 5.

II.      Standard

Title 28 U.S.C. § 636(b)(1) governs the disposition of R&Rs.  It requires the Court to

"make a de novo determination of those portions of the [R&R] or specified proposed findings or

recommendations to which objection is made."  *Accord* Fed. R. Civ. P. 72(b)(3) ("The district

judge must determine de novo any part of the magistrate judge's disposition that has been

properly objected to.").  But de novo review extends only to "those issues to which an objection

is raised."  *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991); *see also Quinn v. Guerrero*,

863 F.3d 353, 358 (5th Cir. 2017) (observing that party who fails to file objections "is not

entitled [to] de novo review") (citing *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir.

1988)).  "When no timely objection is filed, the court need only satisfy itself that there is no clear

error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b)

advisory committee's note.  Under these standards, the Court "may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge.  The judge may

also receive further evidence or recommit the matter to the magistrate judge with instructions."

28 U.S.C. § 636(b)(1).

III.     Discussion

To begin, there are no objections to the recommendation that the Court dismiss Grounds

Two through Ten.  Having reviewed the record, the Court finds no clear error on those grounds

and adopts the R&R without modification.

That leaves Ground One, where Wise claims that "his indictment was fatally defective."

R&R [9] at 4.  According to Wise, the manslaughter indictment improperly omitted the words "not

in necessary self-defense," self-defense being his theory of the case.  *Id.* at 7.  The magistrate judge

concluded that Ground One was procedurally barred under Mississippi Code section 99-39-21(1),

though the Mississippi Supreme Court never cited that provision. *Id.* at 8. The State questions

that finding, Obj. [10] at 3, but the magistrate judge did not stop there. She alternatively explained

that Ground One fails because

> the sufficiency of a state indictment is not a matter of federal habeas relief unless
> it is shown that the indictment was so defective that the convicting court did not
> have jurisdiction. *Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007)
> (citation and internal quotation marks omitted). "State law dictates whether a
> state indictment is sufficient to confer a court with jurisdiction," *Williams v.
> Collins*, 16 F.3d 626, 637 (5th Cir. 1994) and where, as here, the "state courts
> have held that an indictment is sufficient under state law, a federal court need not
> address that issue." *Evans v. Cain*, 577 F.3d 620, 624 (5th Cir. 2009); *McKay v.
> Collins*, 12 F.3d 66, 68 (5th Cir. 1994).

R&R [9] at 9. The State agrees with that assessment and urges the Court to limit its holding to it.

While the State may have a point, there is no need to examine its legal arguments. Wise

never objected to the alternative conclusion that Ground One fails on the merits, and that

conclusion is not clearly erroneous. *See Ammons v. Walker*, No. 07-08136-AHM, 2011 WL

844965, at *2 (C.D. Cal. Mar. 3, 2011) (denying objection as moot because it would not alter

results even if correct); *see also Ortiz v. Dretke*, No. G-04-354, 2006 WL 517620, at *1 (S.D.

Tex. Mar. 2, 2006) (declining to address state's objections to issues resolved in its favor). The

Court therefore modifies the R&R as to Ground One and will dismiss it based on the alternative

analysis. Wise is entitled to no relief.

IV.     Conclusion

The Court has considered all arguments. Those not specifically addressed would not

have changed the outcome. The Report and Recommendation [9] is adopted as the Court's

opinion except as modified above. The petition for habeas relief is denied, and this case is

dismissed with prejudice. A separate judgment will be entered in accordance with Federal Rule

of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 23rd day of August, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE